# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA A. ROSE,<br><br>                                  Plaintiff,<br>   v.<br>AURORA LOAN SERVICES,<br><br>                                Defendant. | Case No. 11cv741 BTM(MDD)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

      Defendant Aurora Loan Services has filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. For the reasons discussed below, Defendant's motion is **GRANTED**.

      On March 8, 2011, Plaintiff filed this action in state Small Claims Court. Plaintiff claims that Defendant owes her $1.00 because Defendant allegedly violated California's Consumer Credit Reporting Agencies Act, the Fair Credit Reporting Act, and the Real Estate Settlement Procedures Act. However, Plaintiff does not specify which provisions of these acts Defendant allegedly violated and does not allege any facts in support of her claims.

      Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper when a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc.

v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level."  Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief."  Ashcroft v. Iqbal, __ U.S. __, 129 S,Ct. 1937, 1950 (2009) (internal quotation marks omitted).

Due to the complete absence of factual allegations and the lack of clarity regarding which statutory provisions Defendant allegedly violated, dismissal of the Complaint is warranted.  Therefore, the Court **GRANTS** Defendant's motion to dismiss.  Plaintiff's Complaint is **DISMISSED** for failure to state a claim.  The Court grants Plaintiff leave to file an amended complaint curing the deficiencies identified above within 20 days of the entry of this Order.  If Plaintiff does not file an amended complaint within the prescribed time, the Clerk shall enter judgment dismissing this case, and this case will be closed.

**IT IS SO ORDERED.**

DATED: June 13, 2011

Honorable Barry Ted Moskowitz
United States District Judge